U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 05-10053

ADVERSARY PROCEEDING NO: 08-80037

ORDER

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/05/2008**



US Bankruptcy Court Judge
District of South Carolina

Entered: 08/05/2008

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Daniel Maurice Fowler and Marsha Dean W. Fowler,<br><br>                            Debtors. | C/A No. 05-10053-HB<br><br>Adv. Pro. No. 08-80037-HB |
| Daniel Maurice Fowler, Marsha Dean W. Fowler,<br><br>                            Plaintiffs,<br><br>v.<br><br>First Federal Savings and Loan Association,<br><br>                            Defendant. | Chapter 13<br><br>**ORDER** |

       THIS MATTER came before the Court for hearing on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012(b).

       This adversary proceeding was filed on March 15, 2008, after it came to Plaintiffs' attention that Defendant filed a Motion for Relief from Stay on the Court's CM/ECF system in Debtors' bankruptcy case, Case Number 05-10053-hb, which included the unredacted Social Security numbers of the Debtors (Plaintiffs) within its attachments. Defendant previously filed a Proof of Claim with the Court in that case on September 13, 2005, which included the same information. The Complaint alleges a cause of action for violation of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, and two causes of action for contempt of court pursuant to 11 U.S.C. § 105(a) based on violations of published court policies adopted in compliance with the E-Government Act of 2002, and based on a violation of

Fed. R. Bankr. P. 9037. The Complaint prays that Defendant be found in civil contempt, that injunctive relief be granted, and seeks sanctions against Defendant and compensatory and punitive damages for the violations of Plaintiffs' privacy rights and "knowingly exposing Plaintiffs to risk of identify theft." Defendant filed an Answer to the Complaint on May 16, 2008, along with this Motion to Dismiss.

In support of its Rule 12(b)(6) Motion Defendant argues that the Gramm-Leach-Bailey Act does not provide for a private cause of action and therefore any relief based thereon cannot be granted as a matter of law. This argument is echoed for any allegation involving a violation of Fed. R. Bankr. P. 9037. Defendant further argues that even though private information appeared on the public record as a result of its omission (failure to redact), no harm was caused to the Plaintiffs and, even if harm develops, it cannot necessarily be traced to the acts set forth in the pleadings. Defendant points out that it has fully cooperated in attempting to resolve this issue since upon discovery of its error the information was redacted by the court on March 17, 2008, and as a result of a Motion for Sanctions[1] filed in the main case requesting reimbursement, Defendant by agreement paid the sum of $275 to the trustee in the Plaintiffs' bankruptcy case to reimburse for attorney fees incurred by the bankruptcy estate in securing removal of the private information.

A motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Migdal v. Rowe Price-Fleming Int'l, 248 F.3d 321, 325 (4th Cir. 2001). Further, a court "must view the complaint

---

[1] In the Motion for Sanctions the attorney for the Debtor requested only reimbursement for the costs of the Motion to Disable Public Access. Defendant agreed to pay those costs and the Motion was withdrawn. The adversary proceeding was pending at the time of that reimbursement.

2

in the light most favorable to the plaintiff." GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001).

Plaintiffs' Complaint alleges, and Defendant admits in its Answer, that it placed private information of the Plaintiffs on the Court's CM/ECF system in violation of, at least, Fed. R. Bankr. P. 9037 and local bankruptcy court policy. Plaintiffs' Complaint *alleges* that they have suffered damages as a result of Defendant's actions. For the purposes of this motion the Court must accept this allegation as true. Further, Plaintiffs request not only compensation for any damages, but also entry of a judgment finding Defendant in contempt of court and granting such other relief as the Court deems appropriate. Much of the Court's ability to award relief in this case, as currently plead, is based on 11 U.S.C. § 105(a). That section provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." While invocation of this code section in a pleading does not necessarily mean that it will be applied by the Court to compensate for damages, it does give the Court broad discretion to fashion an appropriate remedy for violation of the law, rules and orders of the court under appropriate circumstances. In many cases, non-monetary orders (such as the redaction order) suffice. At this time the Court cannot anticipate the appropriate remedy for the admitted violation, if any, as the developed facts of the case are not before it. Rule 12(b)(6) motions are decided upon the sufficiency of the allegations of the Complaint. When taking the allegations of the Complaint as true and in the light most favorable to the Plaintiffs, the allegations state a claim upon which relief can be granted (monetary or non-monetary) pursuant to one or a combination of the authorities

set forth therein, and pursuant to 11 U.S.C. § 105(a).[2] Therefore dismissal pursuant to

Rule 12(b)(6) is inappropriate.

**IT IS SO ORDERED.**

---

[2]     As to Plaintiffs' cause of action under the Gramm-Leach-Bliley Act, a majority of courts have found that there is no private cause of action for damages under that statute. See <u>Dunmire v. Morgan Stanley DW, Inc.</u>, 475 F.3d 956, 960 (8th Cir. 2007) and cases cited therein. However, while this cause of action may not stand alone, in combination with § 105 and reading the entire Complaint as a whole, it may be a stepping stone to non-monetary relief.

4